UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-87-HRW

BARRY FAUNTLEROY                                                               PETITIONER

VS:                **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON                                                                   RESPONDENT

Barry Fauntleroy, the *pro se* petitioner, is currently incarcerated in the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland").[1] He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 [*See* August 1, 2007 Order, Record No. 4]. The named respondent is Brian Patton, the Warden of FCI-Ashland.

In his current § 2241 petition, the petitioner seeks placement in a Residential Re-Entry Center ("RRC"), previously referred to as Community Corrections Centers ("CCC") according to the timetable he has calculated, which is different than that calculated by the Bureau of Prisons ("BOP").[2] To that end, he has filed a "Motion to Expedite Habeas Corpus" [Record No.

---

[1] On March 27, 2006, the United States District Court for the District of New Jersey sentenced the petitioner to a 21-month term of imprisonment in. *See United States v. Fauntleroy*, 05-CR-449-JAG-1.

[2] On April 2, 2007, the petitioner filed an earlier petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking the same relief, being *Barry Fauntleroy v. Brian Patton*, Ashland Civil Action No. 07-36-HRW. On April 11, 2007, the Court entered a Memorandum Opinion and Order in that proceeding (07-36-HRW) dismissing the petition without prejudice, noting that the petitioner had not exhausted his Bureau of Prisons ("BOP") administrative remedies.

The petitioner then completed the BOP's three step administrative remedy process and attempted to re-open the dismissed 07-36-HRW proceeding. By Order entered on August 1, 2007, the Court would not allow the petitioner to re-open the 07-36-HRW action, but instead ordered him to file a new § 2241 proceeding. This action, 07-87-HRW, was then commenced.

3]. He seeks an Order directing Warden Patton to release him immediately into an RRC.[3]

## CLAIMS

Petitioner claims that the BOP has applied invalidated regulations, 28 C.F.R. §570.20-.21, to deprive him of a longer stay in a Community Corrections Center ("CCC"), rather than applying clear congressional intent and the factors to be considered in 18 U.S.C. §3621(b) and the BOP's own policy in Program Statement ("P.S.") 7310.14, at page 4, which correctly interprets 18 U.S.C. §§3621(b) and 3624(c). He asks this Court to order the BOP to consider him for either a 70-day RRC placement or pre-release home confinement, in compliance with 18 U.S.C. §3621(b) and its own program statement.

### Administrative Exhaustion
### 1. Informal Exhaustion (BP-8)

On January 31, 2007, Petitioner requested of his institutional "team" that he be considered for a six-month-long CCC placement, consistent with 18 U.S.C. §3621(b) and P.S. 7310.04 at page 4.[4] His Unit Team stated that they could award him only 10% of his sentence in a CCC, "no more per policy." When the petitioner appealed the matter informally, the response was that the petitioner did not qualify for more than 10% of his sentence, which is 54 days, and even this amount of time is dependant upon his team's recommendation for that

---

[3] RCC's are also known as "halfway houses." Federal prisoners are typically released into an RCC as part of their transition back into society. BOP Program Statement 7310.04.

[4] *See* summary of initial administrative exhaustion efforts, as the Court explained in 07-CV-37-HRW when it dismissed the petitioner's earlier § 2241 petition [April 11, 2007, Memorandum Opinion and Order, Record No. 5, pp. 2-3].

amount of time.

### 2. Appeal to the Warden (BP-9)

The petitioner appealed by filing a BP-9 to Warden Patton, in which he complained that the previous response was deliberately delayed and was contrary to the terms of 18 U.S.C. §3621(b) [*See* attachment to instant § 2241 petition, Record No. 2-5, p.1]. Warden Patton responded and acknowledged that under PS 7310.04, at p.4, the BOP's decision regarding CCC placement for an inmate was not limited to just 10% or six months [*Id.*, p. 2]. Warden Patton noted that longer placements may be granted if appropriate, explaining as follows: "This statute is applied if an inmate completes an Intensive Confinement Center program such as the intensive drug treatment program. You have not completed any programs to date." [*Id.*].

Warden Patton concluded that the petitioner was eligible for only a maximum of 54 days in a CCC [*Id*]. He further stated that his Unit Team would determine the amount of this time which would be awarded [*Id*].

### 3. Appeal to the MARO

On March 19, 2007, the petitioner filed a BP-10 appeal to the BOP's Mid Atlantic Regional Office ("MARO") [*See* Record No. 2-6, p. 1]. He charged that both his Unit Team and Warden Patton had erroneously followed 28 C.F.R. §570.20-.21, regulations which have been held invalid as unauthorized exercises of the BOP's discretion [*Id.*]. He also argued that the warden had wrongly asserted that the terms of P.S. 7310.04 and 18 U.S.C. §3621(c) were dependent upon participation in the drug program [*Id.*]. The petitioner again asked to be

considered for a 6-month placement under the factors set out in 18 U.S.C. §3621(c) [*Id*.].[5]

On April 10, 2007, K.M. White, Director of the MARO, issued a Response denying the BP-11 appeal [Record No. 2-6, p. 2]. Discussing PS 7310.04, White noted that RRC placements are determined by a variety of factors, including but not limited to the severity of the offense, prior criminal history, sentence length, institutional adjustment, and evaluation of the inmate's individual needs [*Id*.]. In light of those considerations, White supported both the Unit Team's and the Warden's decisions to place the petitioner in an RCC for 54 days. [*Id*.].

### 3. Appeal to the BOP's Central Office

Petitioner filed his final administrative appeal, to the BOP's Central Office (National Inmate Appeals) [*See* Record No. 2-7, p.1]. He claimed that he had received conflicting explanations from the BOP as to why he was being denied a 70-day placement in an RRC [*Id*.].

On June 28, 2007, Harrell Watts, Administrator of the National Inmate Appeals, denied the petitioner's final BP-11 appeal [*Id*, p.2]. Watts supported the previous decisions of Warden Patton and MARO Director White. Citing PS 7310.10, *Community Corrections Center (CCC) Utilization and Transfer Procedures,* he explained that the BOP's policy was designed to provide all eligible inmates with RRC placement opportunities to assist with their reintegration back into the community, commensurate with an inmate's individual release needs.

Watts noted that decisions regarding pre-release programming are based on two statutes: 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c). Watts explained that § 3624(c) requires the BOP to assure that inmates spend a reasonable part, not to exceed six months, of the last ten per

---

[5] The Court construes this reference as a typographical error for §3621*(b)*.

centum of a sentence in an RRC. He further explained that inmates with shorter sentences tend to require, and therefore receive, less time transitional time in an RRC

Watts concluded that the Unit Team's and the Warden's prior decisions to place the petitioner in an RRC for 54 days were not inappropriate. He therefore denied the petitioner's demand for either pre-release placement home confinement or a 70-day placement in an RRC.

## ALLEGATIONS OF THE CURRENT PETITION

Petitioner complains in his newly filed § 2241 petition that he has only a 54-day placement in an RRC. He contends that he is entitled to a 70-day placement in an RRC. Petitioner alleges that the Respondent has violated his due process rights under the Fifth Amendment of the United States Constitution by refusing to consider him either for pre-release home confinement or for sooner placement in an RRC.

He further asserts that in denying his requests, the BOP relied on 28 C.F.R. § 570.20-21, which limits a CCC placement for the service of the last months of a prisoner's sentence to a length of time not to exceed 10 percent of the prisoner's sentence.

The Petitioner argues that the BOP's current "10% policy" regarding RRC placement should not be applied to him. He argues that it is contrary to Congressional intent, and that several federal appellate courts have found the BOP's policy to be unconstitutional.

## DISCUSSION

For several reasons, the Court must deny the current § 2241 petition on the merits. First, with regard to the BOP's interpretation of §3621(b), decisions which have ruled that the regulations' 10% rule is invalid - - on the ground of being contrary to the plain meaning of the statute - - are from other circuits, not the Sixth Circuit. *See Wedelstedt v. Wiley*, 477 F.3d 1160

5

(10th Cir. 2007); *Goldings v. Winn*, 383 F.3d 17, 28-29 (1st Cir. 2004); and *Elwood v. Jeter*, 386 F.3d 842, 846-47 (8th Cir. 2004).

In *Dismas-Charities, Inc. v. United States Department of Justice*, 401 F.3d 666, 668 (6th Cir. 2005), the appellate court in this circuit rejected the rationale of *Goldings* and *Elwood* with regard to the BOP's implementing its 10% rule. The ultimate decision in *Dismas-Charities* did not, however, turn on any interpretation of 18 U.S.C. §§3621(b) or 3624(c) or any analysis of the current regulations' validity.

The Sixth Circuit's determined that the plaintiff who had brought the action lacked standing and that the BOP could use the new rule as an interpretation of the statutes without the new rule being formally promulgated under the Administrative Procedures Act. This was the Sixth Circuit's last word on the issue. The strength of the instant Petitioner's legal position *in this circuit* (as to the validity of the later promulgated regulations and the permissible length of CCC placements) is unknown.

Even considering cases from other jurisdictions, such as the *Wedelstedt* case, this Court would be reluctant to second-guess the BOP's decision to limit Petitioner Fauntleroy's tenure in an RRC/CCC to 54 days. These decisions are generally best left to the discretion of BOP administrators. [*See* BOP Program Statement 7310.04] In *Wedelstedt*, the Tenth Circuit carefully noted that Wedelstedt's remedy was limited only to the BOP being required to *consider* him for a transfer to a CCC for the last ten percent of his sentence. *Wedelstedt*, 2007 WL 512517 at *8. The relevant language from the *Wedelstadt* opinion reads as follows:

> In determining whether Wedelstedt should be transferred, the BOP must consider the factors set forth in 18 U.S.C. §3621(b) without regard to the invalid regulations. **This court, however, takes no position on whether Wedelstedt**

**should be transferred and, as Wedelstedt himself acknowledges, he has no entitlement to such a transfer.** The record on appeal does not indicate whether the sentencing court made any statements recommending that Wedelstedt serve part of his sentence in a CCC, nor is it appropriate for this court to consider the arguments made in the parties' briefs about Wedelstedt's character.

*Wedelstedt*, 2007 WL 512517, *8 (emphasis added); *see also Elwood v. Jeter*, 386 F.3d at 846 (although the BOP has the *authority* to place a prisoner in an RRC or a CCC for more than the final 10% of his sentence, the BOP is not *required* to do so).[6]

Second, under §3621(b), the BOP is required to carefully consider all of the relevant factors established in Program Statement 7310.04. These factors include the inmate's institutional behavior; his individual needs; existing community resources; and the length of sentence. *Id*. Specifically, as to the factor relating to length of sentence, PS 7310.04 states that "Ordinarily, inmates with shorter sentences do not require maximum CCC placement due to reduced transition needs."[7]

---

[6]

*Elwood* states as follows:

It [18 U.S.C. § 3624(c)] only obligates the BOP to facilitate the prisoner's transition from the prison system. Under § 3621(b), the BOP **may** place a prisoner in a CCC for six months, or more. Under § 3624(c)) the BOP must formulate a plan of pre-release conditions. This plan **may** include CCC placement, home confinement, drug or alcohol treatment, or any other plan that meets the obligation of a plan that addresses the prisoner's re-entry into the community. **Likewise, the obligation is qualified by the phrase "to the extent practicable."** Security concerns or space limitations in a CCC near the prisoner's home are among the factors that may make it impractical to transfer a prisoner to a CCC for all or even part of the transition period.

*Elwood v. Jeter*, 386 F.3d at 846.

[7]

The language in Program Statement 7310.04, §9(a), entitled "CCC Criteria and Referral Guidelines," relates to recommendations for CCC placements "based on assessments of inmate needs for services, public safety, and the necessity of the Bureau to manage its inmate population

Here, the petitioner is serving only a 21-month sentence, which he began serving on July 19, 2006. According to the BOP's Sentence Monitoring Computation Data, the petitioner's full term expiration date is **April 10, 2008** [*See* Record No.2-3, p. 2]. With good time credits factored into the calculations, Petitioner's projected satisfaction date is **January 19, 2008**, which is eighteen months after he began serving his sentence [*Id.*]. The BOP has scheduled the petitioner to be released into an RRC on **November 26, 2007** [*Id.*, p.1], which is a little more than sixteen months after he began serving his sentence.

The RRC statute, 18 U.S.C. § 3624(c), specifies the sole intent of RRC placement: ". . . [to] afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's reentry into the community." Accordingly, the BOP's policy for making discretionary RRC placements, Program Statement 7310.04, *Community Correction (CCC) Utilization and Transfer Procedures*, (December 16, 1998), is based upon consideration of a number of factors, including sentence length, established community ties and outside resources.

Longer placement periods in an RRC or a CCC might be warranted for prisoners who have very long sentences and who are therefore removed from their families and communities for extended periods of time. In short, these prisoners would typically require a longer time to "adjust" back into a community and would therefore benefit from a longer time in an RRC.

Here, the Petitioner's twenty-one (21) month term of service in a federal prison - - reduced to a year and four months, based on his current RRC placement date - - is not one that requires an extensive adjustment period in an RRC/CCC. The petitioner sets forth no argument

---

responsibly." *Id*.

as to how he qualifies for additional time in an RRC using the other criteria, such as evaluation of his institutional behavior; his individual needs; and existing outside/community resources.

Third, Title 18 U.S.C. §3624(c) merely *authorizes* the BOP to allow CCC placement up to six months.[8] Nothing in the statute requires or mandates the BOP to place any federal prisoner in a CCC for a full six months prior to their 10% date. For that matter, the BOP is not even required to place an inmate in an RRC for the last ten percent of their sentence: only for *a reasonable part* of the last ten percent of their sentence.

Fourth, well settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison such as a RRC; in any particular length of RRC time; any security classification, or housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741 (1983); *Meachum v. Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532 (1976); *Montanye v. Haymes*, 427 U.S. at 242; *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 846 (1976); *Bolger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir.(Tex.) 1995).

Fifth, the courts are ever cautioned to stay out of the business of micro-managing prisons. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Turner v. Safley*, 482 U.S. 78 (1987); and *Turney v. Scroggy*, 831 F.2d 135 (6th Cir. 1987). Accordingly, the Petitioner simply has no due process right, protected by the Fifth Amendment, to be placed in a an RRC earlier than the date

---

[8] Title 18 U.S.C. §3624(c) requires that the BOP:

". . . to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community."

designated by the BOP. The Court will not interfere with the BOP's placement date.

## CONCLUSION

Accordingly, the Court being advised, it is **ORDERED** as follows:

(1)    Petitioner Barry Fauntleroy's "Motion to Expedite habeas Corpus" [Record No. 3] is **DENIED**.

(2)    Petitioner Barry Fauntleroy's petition for writ of habeas corpus [Record No. 2] is **DENIED.**

(3)    This action [07-CV-87-HRW] will be **DISMISSED** with prejudice and stricken from the docket of the Court.

(4)    Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This August 22, 2007.



Signed By:
_Henry R Wilhoit Jr._
United States District Judge